The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, Arkansas 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for an opinion on the following questions:
 Currently, phone cards are bought using Commissary Funds and then sold to the prisoners for a profit to support the Commissary. Can the phone cards be sold for a profit? Can the profits derived from the sale of those cards be transferred to other funds, namely, County General Fund, to support the Sheriff's Office?
RESPONSE
I assume that your question refers to prisoners in county jails and to a "commissary" in such a jail. In my opinion the answer to your first question is "yes." In response to your second question, the funds may be used to support the sheriff's office but are transferred to funds in the county treasury other than the "County General Fund."
Question 1 — Can the phone cards be sold for a profit?
In my opinion the answer to this question is "yes." State law addresses the allocation of "commissions" derived from prisoner telephone services provided in most county jails.[1] The law provides as follows:
 (a) Commissions derived from prisoner telephone services provided in the various county and regional detention facilities in the state shall be deposited in the county treasury of the county in which the detention facility is located and shall be credited to the sheriff's office fund.
 (b)(1) Of the commissions deposited in the sheriff's office fund in each county pursuant to subsection (a) of this section, one hundred percent (100%) shall be credited to the sheriff's office communications facility and equipment fund.
 (2) Each sheriff's office may allocate for the maintenance and operation of the county jail up to fifty percent (50%) of the commissions deposited to the sheriff's office communications facility and equipment fund.
 (c) The provisions of this section do not apply to funds derived from prisoner telephone services provided in Department of Correction facilities or Department of Community Correction facilities or in municipally owned detention facilities or in county detention facilities in counties with a population of one hundred seventy-five thousand (175,000) or more according to the latest federal decennial census.
A.C.A. § 12-41-105 (Repl. 1999) (emphasis added).
The statute above requires "commissions" on the provision of prisoner telephone services to be credited to the sheriff's office fund in the county treasury. It also mandates that one-hundred percent of the commissions be credited to the sheriff's office communications facility and equipment fund. The statute does not define the term "commissions." The term is generally defined as "a fee paid to an agent or employee for transacting a piece of business or performing a service; esp: a percentage of the money received in a transaction paid to the agent responsible for the business." Webster's Seventh New CollegiateDictionary, (1973) at 166. In my opinion the reference to the word "commissions" in the applicable statute indicates that the answer to your first question is "yes," profits may be derived from the provision of telephone services to prisoners. Although the statute does not specifically mention the use of "phone cards," in my opinion the profit derived from the sale of phone cards falls generally within the scope of the statute.
Question 2 — Can the profits derived from the sale of those cards betransferred to other funds, namely, County General Fund, to support theSheriff's Office?
In my opinion the funds can be used to support the sheriff's office but are not to be transferred to the "County General Fund." The statute above clearly requires the "commissions" derived from phone services to be credited to the "sheriff's office fund" in the county treasury and to the "sheriff's office communications facility and equipment fund." As noted in the statute, the sheriff may allocate up to fifty percent of the commissions towards maintenance and operation of the county jail. Seealso, Op. Att'y Gen. 2002-008.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The statute, in subsection (c), exempts county detention facilities in counties with a population of one hundred seventy-five thousand (175,000) or more according to the latest federal decennial census. See
A.C.A. § 12-41-105(c).